**United States Bankruptcy Court**
**Northern District of Indiana**

In re:

   Kenny D. Perkins                                                       Case No.: 16-30817-hcd

   Mary Gerard Perkins                                         Chapter 13

# Third Amended Chapter 13 Plan

☒    The plan seeks to limit the amount of a secured claim, which may result in a creditor's lien receiving a partial payment or no payment at all, as set out in Part 2, Section 7. See the language typed below box in Plan part 2.6 as to Franklin Credit's wholly unsecured second mortgage being stripped and voided and treated as an unsecured debt with zero collateral value.

☐   **The plan requests the avoidance of a judicial lien as set out in Part 2, Section 9.**

☒   **The plan requests the avoidance of a non-possessory, non-purchase-money security interest as set out in Part 2, Section 10.**

☒   **The plan sets out non-standard provisions in Part 9.**

**Notice to Interested Parties:** **Your rights may be affected. Your claim may be reduced, modified, or eliminated.**

You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to <u>consult</u> one.

If you oppose the Plan treatment of your claim or any provision of this Plan, you or your attorney must file an objection to confirmation at least 7 days before the hearing on confirmation, **unless otherwise ordered by the Bankruptcy Court**. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed..

## Part 1: Plan Payments and Length of Plan

1. **Debtor(s) will pay to the trustee**    $ __1200.00__    per month for    __4__    months, and

                                                       $ __125.00__    per month for    __56__    months.

2. **Payments to the trustee will be made from future earnings in the following manner:**

   ☐    Debtor(s) will agree to entry of a payroll deduction order.

   ☒    Debtor(s) will make payments directly to the trustee.

3. **Additional payments to the trustee will be made as follows:**

   *Check all that apply*:

   ☐    Debtor(s) will turn over to the trustee:

       ☐    any tax refunds received during the plan term

       ☒    any tax refunds in excess of    $ __500.00__    received during the plan term, if any.

   ☐    Other sources of funding, including the sale of property. Describe the source, amount, and date when available:

4. **The total amount of plan payments is**    $ 74,900.00 estimated, depending whether tax refunds are available.

5. **The term of the plan is**            Sixty (60)      months.

## Part 2: Treatment of Secured Claims

6. **Cure of default and maintenance of payments**

    The debtor(s) will cure the default and maintain the contractual installment payments on the secured claims listed below. The allowed claim for the arrearage amount, if any, will be paid under the plan, with interest if specified, at the rate stated.

| Name of creditor | Collateral | Current installment payment (including escrow payment) | Interest rate on arrearage (if applicable) | Estimated amount of arrearage |
|---|---|---|---|---|
| Ocwin Loan Serving LLC Servicing for Deutsche Bank National Trust Company | 10022 Lanter Court, Osceola, IN | Payment: $511.63 Disbursed by: ☒ Trustee ☐ Debtor(s) | 0 or as per contract | $10,755.12 |

NOTICE TO PAY AND CURE: Ocwin Loan Servicing LLC services for Mortgagee Deutsche Bank National Trust Company, which has a security interest in the Debtors' house and will be paid according to the contract through this plan. Further, the allowed arrearage shall be paid through the plan without interest. Upon completion go the plan. The debtors shall resume payments according to the terms of the contract, and be current on their payments

**NOTICE NOT TO CURE OR PAY, EXCEPT AS PROVIDED FOR AS UNSECURED DEBTED:** **Franklin Credit Management Corporation**, has a wholly unsecured second mortgage loan which will not be paid and cured, no. 2354144 of $26,040.50 at 12.24% interest that will treated as a general unsecured creditor and be paid pro rata. Any recorded mortgage will be stripped and voided upon confirmation.

7. **Determination of allowed secured claims and claim modification**

    The claims listed below are allowed secured claims only to the extent of the value of the creditor's interest in the collateral as provided under 11 U.S.C. § 506(a). Unless a creditor timely objects to confirmation, the value of the creditor's interest in the collateral will be the amount of the allowed secured claim listed below, and it will be paid in full under the plan with interest at the rate stated below.

    The portion of any allowed claim that exceeds the amount of the allowed secured claim will be treated as an unsecured claim under Part 4 of this plan. If the amount of a creditor's allowed secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 4 of this plan. The holder of any allowed secured claim, other than a mortgage treated in Part 2, Section 6, will retain the lien until the earlier of:

    (a) payment of the underlying debt determined under non-bankruptcy law, or

    (b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of creditor | Amount of creditor's claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Interest rate | Amount of creditor's secured claim to be paid | Estimated monthly plan payment |
|---|---|---|---|---|---|---|---|
| **Interra Credit Union** | 15913.00 | 2013 Nissan Rogue | $14,000.00 | None | The lessor of In re Till rate of 4.5% or the contract rate. | All | $280.00 |

8. **Secured claims not subject to 11 U.S.C. § 506**

   The claims listed below were either:

   (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor, or

   (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

   These claims will be paid in full under the plan with interest at the rate stated below.

   *Check if applicable*:

   ❑ Other secured claims not subject to 11 U.S.C. § 506 that are not listed below are provided for in Part 10 below.

| Name of creditor | Collateral | Interest rate | Amount of claim to be paid | Estimated monthly plan payment |
|---|---|---|---|---|
| **Consumer Portfolio Service*** | **2013 Chevrolet Impala (previously listed as a Malibu in error) to be surrendered.** | | | **Unknown*** |
| ***This loan will be paid by the debtors' son, who has possession of the collateral and be paid outside by the plan by him as per the contract.** | **Therefore, the debtors are surrendering this vehicle to the creditor; however, their son who is will then pay the loan, since he has possession of the vehicle.** | | | |

9. **Judicial lien avoidance**

   The judicial liens securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U. S. C. § 522(b). A judicial lien securing a claim listed below will be avoided to the extent that the lien impairs such exemptions upon entry of the order confirming the plan. The amount of the lien that is avoided will be treated as an unsecured claim in Part 4. The amount of the lien that is not avoided will be paid in full as a secured claim under the plan. See 11 U. S. C. § 522(f) and Bankruptcy Rule 4003(d).

| Name of creditor | Collateral | Judgment date and date of lien recording | Lien recording information | Amount of lien not avoided and paid as secured claim | Interest rate (if applicable) | Estimated monthly plan payment (if applicable) |
|---|---|---|---|---|---|---|
| N.A. | | | | a. Amount of judicial lien $_____<br>b. Amount of all other liens $_____<br>c. Value of claimed exemptions + $_____<br>d. Total: Lines a + b + c = line d $_____<br>e. Value of debtor's interest in property $_____<br><br>f. Subtract line e from line d<br>$_____Extent of exemption impairment<br>(*Check applicable box*):<br>❑ **Line f is equal to or greater than line a**. The entire lien is avoided.<br>❑ **Line f is less than line a.** A portion of the lien is avoided.<br>Amount of lien not avoided:<br>  Subtract line f from line a      $_____ | | |

10. **Non-possessory, non-purchase-money security interest avoidance**

    The non-possessory, non-purchase-money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U. S. C. § 522(b). A security interest securing a claim listed below shall be avoided to the extent that the security interest impairs such exemptions upon entry of the order confirming the plan. The amount of the security interest that is avoided will be treated as an unsecured claim in Part 4. The amount of the security interest that is not avoided will be paid in full as a secured claim under the plan.

    See 11 U. S. C. § 522(f) and Bankruptcy Rule 4003(d).

    | Name of creditor | Collateral | Amount of security interest not avoided and paid as secured claim | Interest rate (if applicable) | Monthly plan payment (if applicable) |
    |---|---|---|---|---|
    | Franklin Credit Management Corporation* | | Amount of lien not avoided and paid: $ none  Pro Rata treatment of any unsecured claim timely filed, as state herein above, in paragraph 6 and restated below*. | | |

   **\*Franklin Credit Management Corporation**, has a wholly unsecured second mortgage loan which will not be paid and cured, Loan no. 2354144 for $26,040.50 at 12.24% interest that will treated as a general unsecured creditor and be paid pro rata, if at all, and without interest. Any recorded mortgage will be stripped and voided upon confirmation.

11. **Surrender of collateral**

    The debtor(s) elect to surrender to the creditors listed below the personal or real property that is collateral for the claim. The debtor(s) consent to termination of the stay with respect to the collateral upon confirmation of the plan. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

    | Name of creditor | Collateral |
    |---|---|
    | **Consumer Portfolio Service** | **Chevy Impala in possession of co-debtor's son.** |
    | | |

## Part 3: Treatment of Administrative and Other Priority Claims

12. **Trustee's fees**

    Fees of the standing trustee will be paid in full, without interest according to 28 U.S.C. §586.

    These fees are estimated to be   5%   of plan payments; and during plan term, they are estimated to total   $3740.00

13. **Attorney's fees**

    Fees of the attorney, in the amount of   $3,100.00 ,   will be paid in full, without interest.

14. **Other priority claims**

    All allowed priority claims will be paid in full.

    | Name of creditor | Basis for priority treatment | Estimated amount to be paid |
    |---|---|---|
    | IRS CLAIMS WILL BE PAID AS FILED OR DEFEATED. | | $5000.00 |
    | IDOR CLAIMS WILL BE PAID AS FILED OR DEFEATED. | | $163.18 |

15. **Domestic support obligations paid less than full amount**

    The allowed priority claims listed below based on a domestic support obligation will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4).

    | Name of creditor | Amount to be paid |
    |---|---|
    | NONE. | |
    | | |

16. **Interest**

    Interest on allowed priority claims listed in line 15 will:

    *Check the applicable box*:

    ☒  Not be paid

    ☐  Be paid at an annual percentage rate of   _____  %   under 11 U.S.C. § 1325(a)(4), and is estimated to total  $ _____ .

## Part 4: Treatment of Nonpriority Unsecured Claims

17. **Cure of default and maintenance of payments**

    The debtor(s) will cure the default and maintain the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final plan payment. The allowed claim for the arrearage amount will be paid under the plan.

    | Name of creditor | Current installment payment | Amount of arrearage to be paid |
    |---|---|---|
    | N.A. | Payment: $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | |
    | | Payment: $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | |

18. **Separately classified nonpriority unsecured claims**

    The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

    | Name of creditor | Basis for separate classification | Treatment |
    |---|---|---|
    | N.A. | | |
    | | | |

19. **Nonpriority unsecured claims**

    Nonpriority unsecured allowed claims that are not separately classified will be paid not less than: *Check the applicable box:*

    - ☒ The sum of $1,560.00 to be distributed on a pro rata basis to meet the requirements of 11 U.S.C. 1325 (a)(4) (best interests test).
    - ☐ The sum of $_____ to be distributed on a pro rata basis to meet the requirements of the disposable income test.
    - ☐ 100% of allowed claims
    - ☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan, to be distributed on a pro rata basis.

20. **Interest**

    Interest on allowed unsecured claims, including separately classified claims, will (check the applicable box):

    - ☒ Not be paid
    - ☐ Be paid at an annual percentage rate of _____ % under 11 U.S.C. § 1325(a)(4), and is estimated to total $ _____.

## Part 5: Executory Contracts and Unexpired Leases

21. **All executory contracts and unexpired leases are rejected, except those listed below, which are assumed and will be treated as provided for below or under another specified provision of the plan.**

    | Name of creditor | Property description | Treatment (Refer to other plan section if applicable) | Current installment payment | Estimated amount of arrearage to be paid |
    |---|---|---|---|---|
    | N.A. save normal utility contracts that will be assumed and paid outside the plan. | | | Payment: $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | |
    | | | | Payment: $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | |

## Part 6: Order of Distribution

22. **The trustee will pay allowed claims in the following order:**

    a. Administrative Claims, Post-Petition Mortgage Cure Payments and Monthly payments as provided for in Part 2, Sections 6, 7, 8, 9 and 10

    b. Attorney fees at $250 a month as listed in Part 3, Section 13 or as allowed by Order of the Court

    c. Unsecured monthly cure payments as listed in Part 4, Section 17.

    d. All allowed secured claims provided for in Part 2, Sections 6, 7, 8, 9 and 10 without a monthly payment, to be paid pro-rata

    e. Priority claims as provided for in Part 3, Sections 14, 15 and 16 to be paid pro rata

    f. Arrearage amounts listed in Part 4, Section 17 and specially classified unsecured claims to be paid in full pursuant to Section 18

    g. All other allowed unsecured claims provided for in Part 4.

## Part 7: Northern District of Indiana Standard Provisions

23.  **a. Trustee will pay the mortgage arrearage claim amount as allowed and modify the ongoing monthly mortgage payment timely filed under Rule 3002.1(b) without Notice or Order of Court.  Upon such change, the Debtor has a duty to modify their monthly plan payment accordingly.**

**b.  Trustee will pay the allowed fees, costs or amounts properly and timely applied for consistent with Rule 3002.1(c) without Notice or Order of Court.  Upon such change, the Debtor has a duty to modify their monthly plan payment accordingly.**

**c.  Debtors will timely turn over copies of their state and federal tax returns each year to the Trustee and their attorney and will not incur debt without approval of the Court or the Trustee.**

**d.  Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned and deemed abandoned from the estate.**

**e.  Upon entry of order lifting stay, no distributions shall be made to the creditor until such time their claim is amended to show a deficiency claim.**

**f.  To receive distributions from the Trustee under the plan, all creditors- including secured creditors- must timely file a proof of claim with the Bankruptcy Court.  If a creditor applies payments in a manner not consistent with the terms of the plan, such actions may be a violation of 11 U.S.C. §524(i).**

**g.  Secured creditors listed in Part 2, Section 7 will be paid the value listed in the Plan OR the value of the collateral listed in the proof of claim, whichever is less.**

## Part 8: Vesting of Property of the Estate

24.  **Property of the estate shall revest in the debtor(s) upon discharge or dismissal of the case.**

## Part 9: Non-standard Plan Provisions

*Under Bankruptcy Rule 3015(c), non-standard provisions are required to be set forth below.*

> **No calculations provided under Part 7 of the model plan; and subsequent Parts renumbered accordingly.**

## Part 11: Signatures

**Debtors** (Sign only if not represented by an attorney)    ✗  /s/ Kenneth D. Perkins    Date 08/31/2016
Signature of debtor                                                                                                   MM / DD / YYYY

✗  /s/ Mary Gerard Perkins    Date 08/31/2016
Signature of debtor                                        MM / DD / YYYY

**Debtors' Attorney**    ✗  /s/ Doug Allen Bernacchi    Date 08/31/2016
Signature of debtor's attorney                                      MM / DD / YYYY